## SAMUEL LUM *vs.* STEAMBOAT BUCKEYE.

An affidavit for an attachment process which says that "the owner or person interested in the steamboat Buckeye, now lying in the navigable waters of the Mississippi, is indebted to him in the sum of, &c., to the best of his knowledge and belief, for and on account of said steamboat," is sufficient, under our attachment laws, to uphold the attachment.

A party only is indebted to another when he withholds from him what is justly due him, and which the debtor is bound to pay, and the other has a right to demand.

When only under an obligation to pay at a future day, he cannot be said to be indebted until the day of payment.

By the use of the words "right of action," in the attachment act, the legislature intended to provide for demands on claims arising *ex delicto,* as well as *ex contractû,* and it was intended to apply to present, not future demands.

In error from the circuit court of Warren county ; Hon. P. W. Tompkins, judge.

The facts are contained in the opinion of the court.

*R. Barnett,* for appellant.

*J. M. Chilton,* for appellee.

Mr. Justice YERGER delivered the opinion of the court.

This was an action begun by attachment under the provisions of the act of 20th February, 1840, and the supplemental act of February 1, 1841. Hutch. Code, art. 6, p. 288, and art. 8, p. 290.

The attachment was quashed in the circuit court, upon the ground that the affidavit was insufficient.

The statute provides that, in the cases named in it, an attachment may issue, " if the person having the right of action (specified in the first section of the act) will make complaint on oath or affirmation to the amount of his right of action, to the best of his knowledge and belief."

In the affidavit before us, the party makes oath that " the owner or person interested in the steamboat Buckeye, now lying in the navigable waters of the Mississippi, is indebted to him in the sum of $139, to the best of his knowledge and belief, for and on account of said steamboat."

It is said that the affidavit is defective, because the remedy by attachment is only given to " a person having a right of action ; " and though it may be true, as stated in the affidavit, that the owner of the boat was indebted to the plaintiff, yet he might have no right of action, because the debt might not be due.

We cannot recognize the validity of this objection.

A party, either in legal or common acceptation, can only be said to be " indebted" to another when he withholds from him

48 *

that which is his due, which he is then bound to pay, and the other has a right to demand. When only under an obligation to pay at a future day, he may become "indebted" by a failure to pay at the time stipulated, but cannot be said to be indebted until the day of payment, because till then he does not withhold that which is another's due, and which he has a right to demand. We think the affidavit in this case was sufficient, and that the attachment should not have been quashed.

By the use of the words "right of action," we presume the legislature intended to provide for demands or claims arising *ex delicto*, as well as *ex contractû*, and that it was intended to apply to present, and not future demands a party might have.

Let the judgment be reversed, and the cause remanded.